XP SERVICES, INC., RODNEY ALLISON, THE RODNEY ALLISON 2019 IRREVOCABLE TRUST,

          Plaintiffs,

vs.

JOHN PHILLIP HALL II, TRICION, INC.,
          Defendants.

Civil Action No. 3:26-cv-00072-KAC-DCP

## PLAINTIFFS' PARTIAL MOTION TO DISMISS DEFENDANT HALL'S FIRST AMENDED COUNTERCLAIM

Plaintiffs XP Services, Inc. ("XP Services"), Rodney Allison ("Allison"), and The Rodney Allison 2019 Irrevocable Trust ("Allison Trust") respectfully move this Court to dismiss Counts III, IV, V, VI, and VII of Defendant John Phillip Hall II's First Amended Counterclaim (Doc. 58) pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) and Rule 9(b).

Count IV should be dismissed under Rule 12(b)(1) because the claim for breach of fiduciary duty belongs to XP Services, not to Hall, and Hall does not have standing to bring the claim directly. It should also be dismissed under Rule 12(b)(6) for failure to satisfy pleading requirements for a derivative action.

Counts III-VII should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Count III does not plausibly allege a claim for tortious interference with business relationships. There are no facts pled to support a claim that Plaintiffs intended to interfere with any business relationship of Hall's or that they acted with improper motive or means.

1

Count V for Fraud and Fraudulent Concealment does not satisfy Rule 9(b) and is nothing more than a repackaged breach of contract claim, which federal courts in Tennessee do not permit. It does not allege a pre-contract misrepresentations, and does not establish any duty to disclose sufficient to bring a claim for fraudulent concealment.

Count VI for conspiracy fails because it does not plead any actionable underlying tort in furtherance of a conspiracy and is not a standalone cause of action.

Count VII for conversion fails because it is also a repackaged breach of contract claim and does not allege any conversion of tangible property, as Tennessee law requires.

Plaintiffs concurrently file their supporting Memorandum of Law.

**CERTIFICATION OF CONFERRAL**

Undersigned counsel, pursuant to this Court's Order Governing Motions to Dismiss (Doc. 11), certifies that the parties have conferred to determine whether an amendment could cure the deficient pleading, and have been unable to agree that the pleading is curable by a permissible amendment.

Dated April 22, 2026.

Respectfully submitted,

**NELSON MULLINS RILEY
& SCARBOROUGH LLP**

*/s/ Carson W. King*
Carson W. King (BPRN 034305)
Nelson Mullins Riley & Scarborough LLP
1222 Demonbreun Street, Suite 1700
Nashville, TN  37203
Phone: (615) 664-5388
Fax: (615) 664-5399
Email: carson.king@nelsonmullins.com

*Attorney for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing Partial Motion to Dismiss First Amended Counterclaim is being served via email and/or U.S. mail upon the below as follows.

John Phillip Hall II
jhall@tricion.com

Tricion, Inc
jhall@tricion.com
P.O. Box 125
Berryville, VA 22611

11921 Freedom Drive, Suite 550
Reston, Virginia 20190

Dated: April 22, 2026

*/s/ Carson W. King*
Carson W. King

3