| | |
|---|---|
| XP SERVICES, INC., RODNEY ALLISON, THE RODNEY ALLISON 2019 IRREVOCABLE TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN PHILLIP HALL II; TRICION, INC., <br><br> Defendants. | Civil Action No. 3:26-cv-00072-KAC-DCP |

## PLAINTIFFS/COUNTER-DEFENDANTS' ANSWER TO FIRST AMENDED COUNTERCLAIMS

Plaintiffs/Counter-Defendants XP Services, Inc. ("XP Services"), Rodney Allison ("Allison"), and The Rodney Allison 2019 Irrevocable Trust ("Allison Trust"), by and through counsel, answer the First Amended Counterclaims filed by Defendant/Counter-Plaintiff John Phillip Hall II ("Hall") and state as follows:

## RESPONSE TO COUNTERCLAIMS

1. Counter-Defendants admit that the parties executed a Stock Purchase Agreement (the "SPA") on or about February 13, 2025.

2. Counter-Defendants admit that the parties executed a First Amendment to the SPA on September 6, 2025. The First Amendment speaks for itself. Counter-Defendants deny the remaining allegations of Paragraph 2.

3. Denied as stated. Counter-Defendants admit that conditional closing documents were executed and placed in escrow with Kevin Kilduff, Esq., not to be released until receipt of immediately available funds, which did not occur.

1

4. Counter-Defendants deny the allegations of Paragraph 4.

5. The email speaks for itself. Counter-Defendants deny any characterization of the email as an acknowledgment that Hall satisfied all closing conditions or that ownership transferred to Hall. Any remaining allegations in Paragraph 5 are denied.

6. The communication speaks for itself. Counter-Defendants deny any characterization that financial decisions were made in reliance on a completed closing, which did not occur. Any remaining allegations in Paragraph 6 are denied.

7. Counter-Defendants deny the allegations of Paragraph 7.

8. Counter-Defendants deny the allegations of Paragraph 8.

9. Counter-Defendants deny the allegations of Paragraph 9.

10. The December 12, 2025 letter speaks for itself. Counter-Defendants deny the allegations of Paragraph 10 to the extent they are inconsistent with the letter. Counter-Defendants deny the remaining allegations of Paragraph 10.

11. The December 14, 2025 letter speaks for itself. Counter-Defendants deny any implication or characterization that it constituted an acknowledgment of ownership transfer to Hall. Counter-Defendants deny the remaining allegations of Paragraph 11.

12. Counter-Defendants deny the allegations of Paragraph 12.

13. The document speaks for itself. Counter-Defendants deny any characterization that it constituted an acknowledgment of a completed transaction or ownership transfer to Hall. Counter-Defendants deny the remaining allegations of Paragraph 13.

14. Counter-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about Mr. Alghrairi's actions in Paragraph 14, therefore denied.

2

Counter-Defendants admit they filed a Verified Complaint on February 19, 2026. Any remaining allegations in Paragraph 14 are denied.

15. Counter-Defendants admit no Notice of Termination was served before September 28, 2025. The First Amendment speaks for itself. Counter-Defendants deny the allegations of Paragraph 15 to the extent they are inconsistent with the First Amendment. Counter-Defendants deny the remaining allegations of Paragraph 15.

16. The SPA speaks for itself. Counter-Defendants deny the allegations of Paragraph 16 to the extent they are inconsistent with the SPA. Counter-Defendants deny the remaining allegations of Paragraph 16.

### COUNTERCLAIM I – DECLARATORY JUDGMENT (28 U.S.C. § 2201)

17. Counter-Defendants incorporate the responses contained in the preceding paragraphs as if set forth fully in this paragraph.

18. Counter-Defendants admit that an actual controversy exists regarding ownership of XP Services.

19. Counter-Defendants deny that Hall is entitled to the declaration he seeks.

20. Counter-Defendants do not object to Hall's request for a speedy hearing.

### COUNTERCLAIM II – BREACH OF CONTRACT

21. Counter-Defendants incorporate the responses contained in the preceding paragraphs as if set forth fully in this paragraph.

22. Counter-Defendants admit that the SPA and First Amendment was a valid contract but aver that it was properly terminated for Hall's failure to close. Counter-Defendants further aver that the SPA and First Amended should be rescinded based on Hall's fraudulent inducement, as set forth in their First Amended Verified Complaint.

3

23. Counter-Defendants deny the allegations contained in Paragraph 23.

24. Counter-Defendants admit they issued the December 12 Notice of Intent to Terminate. Counter-Defendants deny the remaining allegations in Paragraph 24, including its subparagraphs.

25. Counter-Defendants deny the allegations contained in Paragraph 25.

## COUNTERCLAIM III – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

26. Counter-Defendants incorporate the responses contained in the preceding paragraphs as if set forth fully in this paragraph.

27. Counter-Defendants deny the allegations of Paragraph 27.

28. Counter-Defendants deny the allegations of Paragraph 28.

29. Counter-Defendants deny the allegations of Paragraph 29, including its subparts.

30. Counter-Defendants deny the allegations of Paragraph 30.

31. Counter-Defendants deny the allegations of Paragraph 31.

## COUNTERCLAIM IV – BREACH OF FIDUCIARY DUTY

32. Counter-Defendants incorporate the responses contained in the preceding paragraphs as if set forth fully in this paragraph.

33. Paragraph 33 contains legal conclusions for which no response is required. Counter-Defendants deny the allegations of Paragraph 33. Counter-Defendants aver that, because Hall never closed and never became an owner, Allison (together with the Allison Trust) was, and is, the sole shareholder of XP Services. Therefore, Allison owed no fiduciary duties to Hall individually because Hall was never a shareholder.

34. Counter-Defendants deny the allegations of Paragraph 34, including its subparts.

35. Counter-Defendants deny the allegations of Paragraph 35, including its subparts.

4

36.     Counter-Defendants deny the allegations of Paragraph 36.

## COUNTERCLAIM V – FRAUD AND FRAUDULENT CONCEALMENT

37.     Counter-Defendants incorporate the responses contained in the preceding paragraphs as if set forth fully in this paragraph.

38.     Counter-Defendants deny the allegations of Paragraph 38.

39.     Counter-Defendants deny the allegations of Paragraph 39, including its subparts.

40.     Counter-Defendants deny the allegations of Paragraph 40.

41.     Counter-Defendants deny the allegations of Paragraph 41.

42.     Counter-Defendants deny the allegations of Paragraph 42.

## COUNTERCLAIM VI – CIVIL CONSPIRACY

43.     Counter-Defendants incorporate the responses contained in the preceding paragraphs as if set forth fully in this paragraph.

44.     Counter-Defendants deny the allegations of Paragraph 44.

45.     Counter-Defendants deny the allegations of Paragraph 45, including its subparts.

46.     The allegations in Paragraph 46 are legal conclusions and no response is required. To the extent a response is required to the allegations contained in Paragraph 46, Counter-Defendants deny the same.

47.     Counter-Defendants deny the allegations of Paragraph 47.

## COUNTERCLAIM VII - CONVERSION

48.     Counter-Defendants incorporate the responses contained in the preceding paragraphs as if set forth fully in this paragraph.

49.     Counter-Defendants deny the allegations of Paragraph 49.

5

50. Counter-Defendants deny the allegations of Paragraph 50. Counter-Defendants aver that, because Hall never closed and never became an owner, Allison (together with the Allison Trust) was, and is, the sole shareholder of XP Services with full authority to conduct business on its behalf.

51. Counter-Defendants deny the allegations of Paragraph 51.

52. Counter-Defendants deny the allegations of Paragraph 52.

## COUNTERCLAIM VIII – UNJUST ENRICHMENT (IN THE ALTERNATIVE)

53. Counter-Defendants incorporate the responses contained in the preceding paragraphs as if set forth fully in this paragraph.

54. Counter-Defendants deny the allegations of Paragraph 54.

55. Counter-Defendants deny the allegations of Paragraph 55.

56. Counter-Defendants deny the allegations of Paragraph 56.

57. Counter-Defendants deny the allegations of Paragraph 57.

## COUNTERCLAIM IX - ACCOUNTING

58. Counter-Defendants incorporate the responses contained in the preceding paragraphs as if set forth fully in this paragraph.

59. Counter-Defendants admits that Allison as a shareholder of XP Services has acted within his authority to conduct business on behalf of XP Services.

60. Counter-Defendants deny the allegations of Paragraph 60.

61. Counter-Defendants deny the allegations of Paragraph 61. Hall does not own XP Services and therefore does not have any right to its financial information.

62. Counter-Defendants deny that Counter-Plaintiff is entitled to any of the relief sought in his Prayer for Relief paragraphs 1-11.

63. Any allegation in a heading, introduction, or *ad damnum* clause is denied.

64. Any allegation not specifically admitted above is denied.

## ADDITIONAL DEFENSES

1. Hall's Counterclaims fail to state a claim upon which relief can be granted.

2. Some or all of Hall's claims are barred because he does not have standing to assert them.

3. Hall's claims are barred by his own first material breach of the SPA, as set forth in Plaintiffs' First Amended Verified Complaint.

4. Hall's claims are barred because the SPA should be rescinded for Hall's fraudulent inducement, as set forth in Counter-Defendants' First Amended Verified Complaint.

5. Hall's claims are barred by the doctrines of waiver, estoppel, unclean hands, and acquiescence.

6. Hall's alleged damages, if any, are subject to recoupment and/or offset based on the damages he caused XP Services, as set forth in the First Amended Verified Complaint.

7. Hall's claims are barred because he never became a party to any ownership interest in XP Services.

8. Hall's claims for fraud are barred because there was no duty to disclose and because of the independent duty doctrine.

9. Counter-Defendants reserve the right to amend or add additional defenses or claims that may become known during discovery.

7

**WHEREFORE**, Counter-Defendants pray as follows:

i. That the Court dismiss Hall's Counterclaims in their entirety and deny any relief requested;

ii. That Counter-Defendants be awarded their costs and attorneys' fees in this action to the extent allowed by law; and

iii. Such further relief as the Court deems just and proper.

Dated: April 22, 2026                                    Respectfully Submitted,


*/s/Carson W. King*
Carson W. King (BPRN 034305)
NELSON MULLINS RILEY & SCARBOROUGH LLP
1222 Demonbreun Street, Suite 1700
Nashville, TN  37203
Phone: (615) 664-5388
Fax: (615) 664-5399
Email: carson.king@nelsonmullins.com

*Attorney for Plaintiffs*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing is being served via email upon

the below (as well as mail upon Tricion, Inc.).

John Phillip Hall II
jhall@tricion.com

Tricion, Inc
jhall@tricion.com
P.O. Box 125
Berryville, VA 22611

11921 Freedom Drive, Suite 550
Reston, Virginia 20190

Dated: April 22, 2026

*/s/ Carson W. King*
Carson W. King