IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

XP SERVICES, INC., RODNEY ALLISON,
THE RODNEY ALLISON 2019
IRREVOCABLE TRUST,

Civil Action No.  3:26-cv-00072-
KAC-DCP

Plaintiffs,

vs.

JOHN PHILLIP HALL II, TRICION, INC.,

Defendants.

## PLAINTIFFS' REPLY IN FURTHER SUPPORT OF PARTIAL MOTION TO DISMISS

Defendant Hall's procedural and substantive arguments do not properly address the pleading deficiencies in Counts III – VII of his Counterclaims (Doc. 58). Plaintiffs XP Services, Inc. ("XP Services"), Rodney Allison ("Allison"), and The Rodney Allison 2019 Irrevocable Trust ("Allison Trust") submit those counts should be dismissed.

Procedurally, Plaintiffs filed their Motion to Dismiss (Docs. 73-74) before their Answer (Doc. 75) and it is proper. Plaintiffs' Answer was filed out of an abundance of caution because, while this District has held that even a partial motion to dismiss tolls the deadline to answer, *see Banerjee v. Univ. of Tennessee*, No. 3:17-CV-526, 2018 WL 10195668, at *2 (E.D. Tenn. Oct. 9, 2018), Plaintiffs did not wish to address that argument later given Hall's propensity for extensive, vexatious filings. Regardless, if the Court were to treat the Motion as a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c), the standard is the same as a Motion to Dismiss. *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). Plaintiffs also complied with the Court's Order Governing Motions to Dismiss (Doc. 11) by conferring with Mr. Hall and offering

1

to set up a call to discuss (which he did not acknowledge), but Plaintiffs do not believe the pleading defects can be cured through permissible amendment.

Substantively, each count is addressed in turn.

**Count IV Breach of Fiduciary Duty.** This claim belongs to XP Services, not Hall, and Hall does not have standing to bring this claim. The issue of whether Hall is a shareholder of XP Services is disputed. But that misses the point. Whether or not he is a shareholder, the claim is XP Services' claim, and Hall cannot bring it himself. "The most fundamental consequence for a plaintiff who mischaracterizes a derivative cause of action as direct is the risk of dismissal of the claim. A derivative claim belongs to the entity, and an owner has no standing to bring the claim except on behalf of the entity." *Keller v. Est. of McRedmond*, 495 S.W.3d 852, 869 (Tenn. 2016) (citations and internal quotations omitted).

Hall claims, in his opposition brief, direct injury from Allison's refusal to recognize him as owner, denial of access to corporate records, Allison's filing a lawsuit against him, and Allison's claim that he is the owner and not Hall. (Doc. 80 at 16). The claim that Allison has denied Hall access to corporate books and records, however, is not pled in Hall's Count IV for Breach of Fiduciary Duty, and the Court should ignore it. *See Lee v. Stewart,* No. 3:19-01004, 2020 WL 6054336, at *4 fn. 6 (M.D. Tenn. Mar. 26, 2020), *report and recommendation adopted*, No. 3:19-CV-01004, 2020 WL 4333746 (M.D. Tenn. July 28, 2020), *aff'd*, No. 20-5952, 2021 WL 6932349 (6th Cir. Aug. 24, 2021) (noting a complaint may not be amended by a brief in opposition to a motion to dismiss).

The remaining allegations of ownership relate to contractual duties under the Stock Purchase Agreement and not fiduciary duties and are already covered by Hall's causes of action

2

for declaratory judgment and breach of contract. Hall concedes as much in his Opposition, describing these rights as "contractually-purchased ownership rights." (Doc. 80 at 16).

Fiduciary duties of a corporate officer include good faith, the duty of care, and the duty of loyalty. T.C.A. § 48-18-403. Courts, in the corporate context, dismiss claims for breach of fiduciary duty that belong to the corporation and are not pled derivatively. *Keller*, 495 S.W.3d at 880 ("To prove that the Buyers individually suffered the harm from the breach of fiduciary duty, they 'must demonstrate that the duty breached was owed to [them] and that [they] can prevail without showing an injury to the corporation.'") (citations omitted); *Vaughn v. Taylor*, No. 2:21-CV-61, 2021 WL 6428005, at *5 (E.D. Tenn. June 15, 2021) (noting that claim for breach of fiduciary duty would probably be dismissed in the general corporate context but that the Revised LLC Act contained a different standard); *Qayyum v. PharmaPhD, Inc.*, No. 1:19-CV-00306-SKL, 2020 WL 12840092, at *8 (E.D. Tenn. Apr. 27, 2020) (dismissing cause of action for breach of fiduciary duty as corporate officer as derivative claims not properly pled); *Saia v. Flying J. Inc.*, No. 16-5853, 2017 WL 6398013, at *2 (6th Cir. July 11, 2017) (dismissing case when plaintiff lacked standing individually to bring claims that defendants wrongfully took control over a company, as those claims belonged to the company).

Hall has raised causes of action for breach of the Stock Purchase Agreement and for declaratory judgment, and those claims remain. Allegations that Allison breached his fiduciary duty as an officer of XP Services, however, belong to XP Services. Hall has not properly pled a derivative claim for breach of fiduciary duty against Allison, and Count IV should be dismissed.

**Count V Fraud and Fraudulent Concealment.** Hall has not properly pled any actionable pre-contract misrepresentation that he relied upon and has not satisfied Rule 9(b). Hall claims one pre-contract misrepresentation—that "O'Brien had personally informed Allison that XPS had

illegally certified aircraft parts in violation of FAA Regulations and ICAO Standards. (Ex. V.)."

(Countercl., Doc. 21, at ¶ 39(f)). The Counterclaim has no exhibits.[1] The Counterclaim does not

allege the time, place, or content regarding any alleged non-compliance with laws, including what

O'Brien allegedly told to Allison with any specificity. It does not plausibly allege that XP Services

was not in compliance with laws or allege any particular law that Plaintiffs violated at or near the

time of execution of the SPA. Hall's lengthy alleged factual explanation in his opposition brief is

not part of his pleading and cannot properly be considered. Further, the fact that someone allegedly

named O'Brien (who is not alleged to be a lawyer) allegedly said something to Allison does not

make it so. There is quite simply nothing pled to plausibly state a misrepresentation arising out of

SPA § 3.18. Hall also does not plausibly allege reasonable reliance on this alleged

misrepresentation, in fact, he clearly wants to close the Stock Purchase Agreement notwithstanding

this alleged misrepresentation. *Vaughn*, 2021 WL 6428005, at *6 (granting motion to dismiss

based on Rule 9(b) when plaintiffs did not plead concealment in some way caused any action or

inaction on their part, and that they would have acted differently had defendant disclosed the

concealed information). There are no allegations, for example, that Hall has faced scrutiny from

any government agency or other entity as a result of any alleged noncompliance with laws by XP

Services.

---

[1] If Hall is referencing his Exhibit Packet, Doc. 35-3, that document is not part of the Counterclaim, and Exhibit V is an Exhibit to his Cross-Motion for Speedy Hearing and Motion for Interim Protective Order. *See Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011) (noting an amended pleading supersedes an original pleading, any motion should be directed at the amended pleading, and it was appropriate for district court to rely solely on amended pleading to make its rulings). The Amended Counterclaim rises or falls on its own and no other document in the record can be considered. Nonetheless, the alleged Exhibit V is dated March 22, 2026 and is addressed to John Hall, not to Allison.

4

The remaining alleged fraudulent concealment that post-dates the execution of the SPA is barred by the independent duty rule and the lack of any legal duty to disclose, as discussed in Plaintiffs' initial Memorandum. Hall has cited no legal authority to the contrary. Hall discusses the economic loss doctrine, but Plaintiffs do not base their argument on the economic loss doctrine.

Accordingly, Count V must be dismissed.

**Count III Tortious Interference.**

Hall seeks to infuse his improperly pled fraud allegations, his breach of contract allegations, and allegations against non-parties as a basis for his tortious interference allegations. This is not proper. Hall claims interference with his relationship with Calidus, but the pending Calidus contract is only for XP Services, not Hall, and Hall certainly cannot refurbish Blackhawk helicopters by himself, as his pleading fully admits. (Doc. 58 at ¶ 21). This claim fails under the federal plausibility standard.

**Count VII Conversion.** Hall's cause of action for conversion does not allege conversion of any tangible property (*See* Doc. 58 ¶ 50), and his attempt to bolster his pleading through his Opposition brief should be ignored.

Finally, Hall cannot request amendment of his Counterclaim through an opposition brief. Any request to amend is not properly raised and should not be considered. *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) (absent a motion to amend, court will not give an advisory opinion informing party of pleading deficiencies and opportunity to cure deficiencies); *Louisiana Sch. Employees' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) ("a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought ... does not constitute a motion within the contemplation of Rule 15(a).").

For these reasons, along with the reasons in Plaintiffs' initial Memorandum in Support, Plaintiffs request the Court grant their Partial Motion to Dismiss.

Dated: May 13, 2026

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Carson W. King*
Carson W. King (BPRN 034305)
Nelson Mullins Riley & Scarborough LLP
1222 Demonbreun Street, Suite 1700
Nashville, TN  37203
Phone: (615) 664-5388
Fax: (615) 664-5399
Email: carson.king@nelsonmullins.com

*Attorney for Plaintiffs*

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served via email and

U.S. mail upon the below as follows.

John Phillip Hall II
jhall@tricion.com

Tricion, Inc
jhall@tricion.com
11921 Freedom Drive, Suite 550
Reston, Virginia 20190

Dated: May 13, 2026                             */s/ Carson W. King*
                                                Carson W. King

7